IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

EARL C. HARRIS,

                    Plaintiff,

      v.

U.S. BANK,

                    Defendant.

Case No. 1:12-cv-01074-CL

**REPORT &
RECOMMENDATION**

CLARKE, Magistrate Judge

Plaintiff Earl C. Harris commenced this action by paying the full filing fee and filing a *pro se* Complaint (#1) against defendant on June 15, 2012. On June 15, 2012, plaintiff filed a fourteen-page "Brief in Support of Petition" (#3) attaching twenty-eight exhibits totaling 235 pages. On June 25, 2012, plaintiff filed a two-page "Amendment Statement for the Court Brief" ("Amendment Statement") (#5) and two additional exhibits (#7). For the reasons stated below, the court recommends plaintiff's Complaint be dismissed.

## BACKGROUND

Although plaintiff's Complaint, Brief in Support of Petition, and Amendment Statement are largely incoherent, it appears to the court that U.S. Bank, the defendant in this case, initiated

foreclosure proceedings against plaintiff in the Circuit Court of the State of Oregon, Jackson County, Case No. 113458E9, and that plaintiff brings this federal case to overturn the order of the state court entering summary judgment in favor of U.S. Bank.

Judging by the allegations in the Brief in Support of Petition, it appears that plaintiff believes that U.S. Bank securitized and sold his mortgage loan, that these actions constitute securities fraud, and that as the result of the securitization his mortgage loan was not enforceable, therefore U.S. Bank's actions in attempting to collect payment on and foreclose on the loan were fraudulent. (Br. Supp. Pet., Dckt. #3, pp. 5, 10-13). It appears that plaintiff feels he was deprived of the opportunity to defend the summary judgment motion in the state action. (Exhibits r.e. Complaint, Dckt. # 7, pp. 2 (alleging at the January 23, 2012, hearing in Case No. 113458E9 "[t]he Judge acted in an improper manner and did not allow [plaintiff] to speak in his defense . . . .(U.S. Bank) was awarded summary judgment within 5 seconds of the Judge receiving a document he had not previously seen or read . . .").

Plaintiff argues that the judge presiding over the state court action lacked jurisdiction to enter judgment against him. (Compl., Dckt. #1, pp. 4 ("Judge Grensky did not have subject matter jurisdiction when making his ruling on January 23, 2012"); Exhibits r.e. Complaint, Dckt. #7, pp. 2 (alleging that plaintiff "had zero time to object, rebut or challenge [U.S. Bank's] assertion of standing. Therefore subject matter jurisdiction was never established."). He argues that the state court foreclosure action "was a sham legal process," and appears to argue that judgment was entered against him in violation of his Constitutional right to due process. (Amendment Statement of Br. Supp. Pet., Dckt. # 5, pp. 2). He argues that that the judgment entered against him is void due to the state court judge's refusal to recuse himself despite his prejudice against plaintiff. (Exhibits r.e. Complaint, Dckt. #7, pp. 3). He further argues U.S.

Bank lacked standing to foreclose and that the judgment entered by the state court should be "vacated and voided with prejudice." (Id.). Plaintiff seeks $6.7 million in "declaratory" and "civil/criminal" damages and attorney fees, (Compl., pp. 9), as well as "clear title with prejudice," "full reconveyance of the Deed of Trust," a determination that the mortgage note is "Settled in Full" and reported as such to all credit bureaus, the removal of all "derogatory reporting with all credit bureaus," and the lump sum repayment of all payments made on his mortgage loan, a permanent injunction enjoining U.S. Bank from initiating further collection attempts or foreclosure proceedings, and a release of all claims against him, (Compl., pp. 13-14).

## STANDARD

The court may dismiss a complaint *sua sponte* under Federal Rule of Civil Procedure ("Rule") 12(b)(6). Sparling v. Hoffman Constr. Co., 864 F.2d 635, 638 (9th Cir. 1988). "Such dismissal may be made without notice where the claimant cannot possibly win relief." Omar v. Sea–Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987). Under Rule 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. Rule 8(a)(2) requires that a complaint include a "short and plain statement" showing that the plaintiff is entitled to relief. While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (*quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007)). A claim is plausible "when the plaintiff pleads *factual* content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (emphasis added). Where the claims

in a complaint have not crossed the line from conceivable to plausible, the plaintiff's complaint must be dismissed. Twombly, 550 U.S. at 570.

In determining whether to dismiss a complaint under 12(b)(6), the Court is ordinarily limited to the face of the complaint. Van Buskirk v. Cable News Network, Inc., 284 F.3d 977, 980 (9th Cir. 2002). The factual allegations pled in the complaint must be taken as true and reasonable inferences drawn from them must be construed in favor of the plaintiff. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996). However, the Court cannot assume that the plaintiff "can prove facts which [he or she] has not alleged." Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526, 103 S.Ct. 897 (1983). "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001) (citation omitted).

*Pro se* pleadings are held to "less stringent standards than pleadings drafted by lawyers." Jackson v. Carey, 353 F.3d 750, 757 (9th Cir. 2003) (*citing* Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594 (1972)). The court must construe the allegations liberally and afford the plaintiff the benefit of the doubt. *See* Bernhardt v. Los Angeles Cnty., 339 F.3d 920, 925 (9th Cir. 2003) (internal citations omitted); Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." (*citing* Boag v. MacDougall, 454 U.S. 364, 365, 102 S.Ct. 700 (1982)). However, a *pro se* Complaint must still satisfy the pleading requirements of Rule 8. A *pro se* complaint should be dismissed with leave to amend unless it is "absolutely clear that the deficiencies of the complaint could not be cured by an amendment." Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (internal citation omitted).

**DISCUSSION**

The identifiable allegations in plaintiff's Complaint, Brief in Support of Petition, and Amendment Statement establish that he brings this action explicitly for the purpose of obtaining review and reversal of the judgment entered against him in the state court action. Under the Rooker–Feldman doctrine, federal district courts lack jurisdiction over cases that directly challenge a state court judgment. Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 292, 125 S.Ct. 1517 (2005); Amerisourcebergen Corp. v. Roden, 495 F.3d 1143, 1153 (9th Cir. 2007). The doctrine bars a federal court's direct review of issues actually decided by state courts as well as claims that amount to nothing more than an impermissible collateral attack on prior state court decisions and that are inextricably intertwined with the forbidden appeal. Ignacio v. Judges of U.S. Court of Appeals for Ninth Cir., 453 F.3d 1160, 1166 (9th Cir. 2006). The Rooker–Feldman doctrine applies even when the challenge to the state-court decision involves federal constitutional issues, including those anchored in federally protected rights. Bates v. Jones, 131 F.3d 843, 856 (9th Cir. 1997). Rooker–Feldman is a jurisdictional doctrine rather than a claim preclusion doctrine. Elwood v. Drescher, 456 F.3d 943, 948 (9th Cir. 2006). Granting plaintiff leave to amend his Complaint would therefore be futile, as there are no set of facts which would allow this court to do what he seeks. Plaintiff's grievances are properly pursued through the appeal process in state court.

However, as noted, plaintiff's Complaint is largely incomprehensible and fails to satisfy the federal pleading standard as established by Rule 8. The court therefore cannot say with certainty that the only thing plaintiff is attempting to achieve is review and rejection of the state court judgment. Therefore, in an abundance of caution, the court recommends that plaintiff's Complaint be dismissed with leave to amend to allow plaintiff the opportunity to properly assert

any claims he have that do not directly challenge the judgment in the state court foreclosure action.

## RECOMMENDATION

For the reasons stated above, plaintiff's Complaint should be dismissed without prejudice and with leave to amend.

***This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.*** Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1) should not be filed until entry of the district court's judgment or appealable order.

The Report and Recommendation will be referred to a district judge. ***Objections to this Report and Recommendation, if any, are due by July 16, 2012. If objections are filed, any response to the objections is due by August 2, 2012.*** *See* FED. R. CIV. P. 72, 6.

DATED this _____ day of June, 2012

_____
MARK D. CLARKE
United States Magistrate Judge